**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01883-MSK-CBS

ONLINE TOOLS FOR PARENTS, LLC,

      Plaintiff,

v.

TOM VILSACK, Secretary, United States Department of Agriculture,

      Defendant.

---

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1.      This Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, including electronic discovery, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      If Defendants produce to Plaintiff a document that would otherwise be protected by the

Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows

for such production.

4.      Information designated "CONFIDENTIAL" ( "CONFIDENTIAL Information"),

pursuant to this Protective Order is limited to government contracts containing sensitive business

or financial information, and/or information that may be protected by the Privacy Act of 1974.

5.      CONFIDENTIAL Information shall not be disclosed or used for any purpose except the

preparation of the case for trial and appeal, if any.  The protections granted by this Protective

Order shall not be waived.

6.      Any reproduction of CONFIDENTIAL Information (electronic or otherwise) must retain

the mark "CONFIDENTIAL."

7.      In addition to the restrictions set forth in Paragraph 8, CONFIDENTIAL Information

shall not, without the consent of the party producing it or further Order of the Court, be disclosed

to any person, except that such information may be disclosed to:

        a.      attorneys actively working on this case;

        b.      the Parties;

        c.      persons regularly employed or associated with the attorneys actively working on

the case, including in-house counsel and agency counsel, whose assistance is required by said

attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        d.      expert witnesses and consultants retained in connection with this proceeding, to

the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in

this case;

        e.      witnesses or court reporting personnel at a deposition;

f.      the Court and necessary Court staff, pursuant to Paragraphs 10, 11 and 12; and

g.      other persons by written agreement of the parties.

8.      Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 7(d), 7(e), and/or 7(g), counsel (or any pro se party) shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel (or any pro se party) and shall be subject to inspection by counsel (or any pro se party) upon court order or by agreement of counsel (or any pro se party).

9.      Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record (or any pro se party) within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     In the event that a party desires to use CONFIDENTIAL Information as an exhibit to a Court document, the CONFIDENTIAL Information shall be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2 and must retain the mark "CONFIDENTIAL."

11.     If additional disclosure is needed of CONFIDENTIAL Information, counsel for the party seeking additional disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure.  If the parties cannot resolve the dispute within thirty (30) days, either party may file an appropriate motion with the Court.  Said motion may

attach the disputed CONFIDENTIAL Information as an exhibit to the motion.  If the disputed

CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed as a

restricted document in accordance with D.C.Colo.LCivR 7.2, and must retain the mark

"CONFIDENTIAL."

12.     A party may object to the designation of CONFIDENTIAL Information by giving written

notice to the counsel for the party designating the disputed information.  The written notice shall

identify the information to which the objection is made.  If the parties cannot resolve the

objection within five (5) days after the time the notice is received, it shall be the obligation of the

party objecting to the CONFIDENTIAL Information to schedule a telephone conference with the

Court for the purpose of determining whether the disputed information should be subject to the

terms of this Protective Order.  The disputed CONFIDENTIAL Information shall be provided to

the Court in advance of the conference.  If the disputed CONFIDENTIAL Information is

ultimately attached as an exhibit to such a motion, it shall be filed as a restricted document in

accordance with D.C.Colo.LCivR 7.2, and must retain the mark "CONFIDENTIAL."  If such a

motion is timely filed, the disputed information shall be treated as CONFIDENTIAL Information

under the terms of this Protective Order until the Court rules on the motion.  In connection with

this provision, the party designating the information as CONFIDENTIAL Information shall bear

the burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL Information.

13.     At the conclusion of this case, unless other arrangements are agreed upon, each party's

counsel shall immediately return all CONFIDENTIAL Information to the producing party, or

shall destroy it or delete it, if the CONFIDENTIAL Information is electronically stored.  If a

party chooses destruction of the CONFIDENTIAL Information, the party shall promptly provide

the other parties with an affidavit confirming the destruction or deletion.  The termination of this

action shall not relieve counsel or other persons obligated hereunder from their responsibility to

maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order.

14.	Any inadvertent disclosure or production of information that is entitled to work-product

protection, or that is protected by any privilege, including the attorney-client or deliberative

process privileges, shall not constitute a waiver of any available protection or privilege by the

party who made the inadvertent disclosure or production.  *See* Fed. R. Civ. P. 26(b)(5); Fed. R.

Evid. 502.

15.	This Protective Order may be modified by the Court at any time for good cause shown

following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on March 27, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge